## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DONISHER R. HILL,                           :

    Plaintiff,                          :

vs.                                         :        CA 18-00287-JB-C

DON DAVIS and DAVID                         :
ZIMMERMAN in their official and            :
personal capacities,
                                            :
    Defendants.

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Plaintiff Donisher R. Hill filed her *pro se* complaint in this Court on June 25, 2018, claiming that her state and federal rights have been violated by Don Davis, Probate Judge of Mobile County, and Mr. David Zimmerman, an attorney.  (*See* Docs. 1 & 5.)[1] Defendants Davis and Zimmerman immediately filed motions to dismiss (see Docs. 8 & 17) making numerous arguments for dismissal, including: absolute judicial immunity, Article III standing, failure to identify the constitutional rights that were violated, duplicative litigation with an appeal pending in the Alabama Supreme Court, her claims are barred by the *Rooker-Feldman* doctrine and the *Colorado River* doctrine, failure to plead a viable § 1983 claim and the § 1985 and § 1986 claims are inapplicable to the facts of this case.  Judge Davis has also filed a motion for sanctions pursuant to the Federal Rules of Civil Procedure, Rule 11 (Doc. 32).

---

[1] Ms. Hill filed a *pro se* amended complaint on July 2, 2018 (Doc. 5) pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(A).

Several motions were filed by the Plaintiff as well:  a motion to amend (Doc. 24), a motion for sanctions against Jerome E. Speegle (Doc. 30), a motion to strike the motions to dismiss (Doc. 35), a motion to disqualify Mr. Jerome E. Speegle (Doc. 38), a motion for "equal access and equal respect under the law" (Doc. 41), and a motion to dismiss based on the threatening and retaliatory language of the magistrate judge (Doc. 42).[2]

The Court conducted a telephone hearing with Ms. Hill and counsel for the defendants on September 19, 2018 (Doc. 39) for the purpose of hearing arguments on the pending motions and to give Plaintiff an opportunity to expand on the factual basis for her claims.  After consideration of the motions and the arguments presented during oral argument, it is determined that the Court is without subject matter jurisdiction and Plaintiff's claims against both defendants should be dismissed without prejudice.  In addition, the motion for Rule 11 sanctions is due to be granted since Plaintiff, after notice, refused to withdraw her unsupported claims.

### Factual and Procedural Background

The most liberal reading of Plaintiff's claims is that she is trying to allege that her civil rights were violated pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 when Judge Davis ordered that she be removed as attorney-in-fact under a power of attorney instrument dated November 1, 2017. (Doc. 1).  She also claims that her removal as

---

[2] Those non-dispositive motions referred to the undersigned were ruled on orally at the conclusion of the hearing held on September 19, 2018 and are memorialized in this Report and Recommendation.  No opinion is given as to Plaintiff's motions pending before Judge Beaverstock. (See Docs. 41 & 42).

attorney-in-fact is a violation of the Alabama Theft by Deception law and power of attorney law. (*Id.*).

In her own words, Hill argues that Judge Davis and Mr. Zimmerman, in their individual and official capacity, "perfected an illegal act without lawful jurisdiction and without authority when they used a disguised probate matter to reach[] and grab Plaintiff's role and function as Agent invading Plaintiff's Agent authority and without Agent's permission and consent." (*Id.* at 1). Her request for relief is that this Court take "[c]orrective action as to the right of Plaintiff to be recognized and respected pursuant to the Power of Attorney for which your Plaintiff serve as Agent pursuant to law." (*Id.* at 3). She also wants a cease and desist order entered against both defendants in order to keep them from interfering with her ability to serve as an Agent. (*Id.*) Monetarily, she seeks five hundred thousand dollars from each defendant in their individual capacities. (*Id.*).

After the defendants had filed their motions to dismiss explaining to the Court and to Ms. Hill why her claims lacked any semblance of merit, she did not take issue with their arguments but moved to amend her complaint on July 23, 2018. (Doc. 24). In response to this motion, the Court provided an opportunity for the Plaintiff to convince the opposing parties and the Court that her contemplated amended complaint would state a cause of action. In an Order dated July 24, 2018, Plaintiff was ordered to file a proposed amended complaint not later August 7, 2018 which she failed to do. This Order was entered as an attempt to gain compliance with Civil L. R. 15[3] which requires

---

[3] The relevant portions of Civil L. R. 15 provide that: "(a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. (b) A motion to amend a (Continued)

that proposed amended pleadings be produced in their entirety and further, that the motion to amend should specifically identify the changes that are being made.  Even during the hearing held on September 19, 2019, Plaintiff refused and/or was unable to advise the Court or the parties of the substance of any amendment she wanted to make.  She was unable or refused to provide any substantial justification for not filing a proposed amended complaint by August 7, 2018.  For the reasons stated in the record at the conclusion of that hearing, she was informed that her motion to amend (Doc. 24) would be denied.

In August 2018, Defendant Davis moved for sanctions pursuant to Federal Rules of Civil Procedure Rule 11. (Doc. 32).  In that motion, Judge Davis alleges that the Plaintiff filed her action without substantial justification and that he is entitled to monetary sanctions in an amount to cover his attorney's fees and costs.  In support of this motion, Judge Davis incorporates his motion to dismiss and submits a copy of a letter that was sent to Hill on July 9, 2018 along with copies of both his motion to dismiss and his motion for sanctions.  (Doc. 32 at 6-18).  This letter was sent in compliance with Rule 11(c)(2), Fed. R. Civ. P., and warned Plaintiff that her failure to dismiss her lawsuit within twenty-one days would result in Judge Davis seeking attorney's fees from her.  Ms. Hill did not dismiss her suit within that twenty-one-day period.  Although she has moved to dismiss her lawsuit, without prejudice (Doc. 42), this motion was filed after the hearing on September 19, 2018 and after she was informed

---

pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."

that the undersigned would recommend that Rule 11 sanctions be granted based on her frivolous lawsuit and her refusal to dismiss her suit on a timely basis.

David B. Zimmerman is a lawyer admitted to practice in Alabama.  In his capacity as an attorney, he filed a Petition for Guardianship and Conservatorship with regard to Theresa Singleton, a person alleged to be incapacitated.  His client in this matter, the Petitioner, is Nakeashia Osterloh, the mother of both Theresa Singleton and Donisher Hill. (Doc. 17-1).  After holding a hearing, Judge Davis entered an Order dated May 16, 2018 that revoked all power of attorney instruments executed by Theresa Singleton and required Plaintiff Hill to furnish the Probate Court with any and all bank records and to provide an accounting of all expenditures pertaining to Ms. Singleton.  Copies of these documents were also to be provided to J. Gregory Carwie, Esq., David Zimmerman, Esq. and William Donaldson, Esq.[4]

Based on these actions by Mr. Zimmerman, Plaintiff named him as a defendant in her claim for monetary and injunctive relief based on allegations of a concerted violation of state and federal rights by defendants Zimmerman and Davis.  Against this backdrop, defendants argue that her complaint is frivolous and should be dismissed under numerous legal theories.  In addition, Judge Davis seeks Rule 11 sanctions.

## Analysis

### I.      Standards of Review on a Motion to Dismiss.

The motions to dismiss filed in this action are interpreted to raise as grounds for dismissal the lack of subject matter jurisdiction and the failure to state a claim upon

---

[4] J. Gregory Carwie was appointed as Temporary Conservator on March 27, 2018 (Doc. 17-3).  According the docket sheet of the Probate Court, William Donaldson was assigned to act as guardian ad litem for Theresa Singleton on February 16, 2018.

which relief may be granted.  Rule 8(a) of the Federal Rules of Civil Procedure requires the plaintiff to present "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2).  Courts are also in a position of raising issues concerning subject matter jurisdiction *sua sponte* in situations where the Court perceives a jurisdictional problem.  See Fed. R. Civ. P. 12(h)(3) (a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction").

Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009).  A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.  By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony. *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008) (quoting *McElmurray v. Consol. Gov't of Augusta-Richmond County,* 501 F.3d 1244, 1250 (11th Cir. 2007) (quotation, citation, and alterations omitted).  After a review of the Complaint, Amended Complaint and the Motions to Dismiss, including exhibits, it is determined that the jurisdictional attacks in this case are both facial and factual.  Therefore, the undersigned has reviewed the public records of the Probate Court that are relevant to the probate proceeding referenced by the parties as relevant information regarding the Court's jurisdiction.

## II.     Plaintiff' Claims.

Although neither the Complaint or the Amended Complaint specifically contain a reference to a jurisdictional statue such as 28 U.S.C. § 1331, Hill did complete the Civil Cover Sheet form by marking the section indicating federal question jurisdiction. (Doc. 1-1).  In the same document, plaintiff informs the Court that all parties are citizens of the State of Alabama, ruling out any consideration of diversity jurisdiction. (*Id.*)

Certainly, the Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  However, in order to determine if a particular case arises under federal law for the purposes of § 1331, courts are governed by the well-pleaded-complaint rule.  *Scarborough v. Carotex Const., Inc.*, 420 Fed.Appx. 870, 873, 2011 WL 902222, at *2 (11th Cir.  2011) (quoting *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830, 122 S.Ct. 1889, 1893, 153 L.Ed.2d 13 (2002)).  The single act of selecting the federal question section of the Civil Cover Sheet is not sufficient on its own of meeting the pleading requirements of Rule 8(a)(1).  *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) ("A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.") (quoting *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).  See also, *Chief Holdings Group, LLC v. City National Bank*, 2011 WL 13221002, at *5 (N.D. Ga., 2011) ("Moreover, although plaintiffs checked the box for federal question jurisdiction on their civil cover sheet, indicating that TILA [Truth in Lending Act],15 U.S.C. § 1601 et seq., was the basis of their wrongful foreclosure claim, … the complaint itself contains no mention of any federal law, … .") (internal quotation marks omitted).

Even though Plaintiff did not include a specific jurisdictional statement in her Complaint or Amended Complaint, if a sufficient reference to federal law is contained in the complaint, a court may determine that federal jurisdiction does exist. *Scarborough* 420 Fed. Appx. at 873. In reviewing paragraph 5 of the form complaint utilized by the plaintiff, it is noted that she was required to state the facts on which she based her allegations that the defendants had violated her constitutional rights. (Docs. 1 & 2). The information in the original complaint and the amended complaint clearly show that she believes that her claims may proceed under the auspices of federal statutes 42 U.S.C. §§ 1983, 1985 and 1986 because of the actions taken by Mr. Zimmerman and Probate Judge Don Davis related to a guardianship action that is pending in the Probate Court of Mobile County, Alabama. She also references an Alabama criminal statute, theft by deception, and "power of attorney law." (Doc. 1 at 1). Her statements fall short, however, of establishing federal question jurisdiction because she has not stated a constitutional right that was violated in her § 1983 claim and she has not presented facts that would establish a claim under 42 U.S.C. §§ 1985 and 1986. In addition, her presentation that the defendants violated the laws of Alabama covering the authority to grant powers-of-attorney and the criminal prohibition of theft by deception are determined to be state claims. Even if these claims could be considered viable, they claim violations of state law and cannot support federal question jurisdiction.

Hill did not attempt to identify the specific federal law or constitutional right violated by Judge Davis and Mr. Zimmerman. She claims that after a meeting of the minds, these defendants used the guardianship action filed by Mr. Zimmerman on behalf of his client to deprive her of rights that she was granted through the execution of

a power of attorney by her sister. (Doc. 1 at 1) ("Defendants' probate matter is a misguided legal coup of Plaintiff' rights.").  In the Amended Complaint, she adds information that Zimmerman attacked her status as an agent for her sister and was able to convince Judge Davis to issue a "void order" that harmed the plaintiff by terminating her sister's Power of Attorney that caused plaintiff great financial damage. (Doc. 2 at 1).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 108 S.Ct. 2250, 2254–55, 487 U.S. 42, 48 (1988). In fact, the "first step in any such claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S., 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Manuel v. City of Joliet, Ill.*, 137 S.Ct. 911, 920 (2017).  The Court is unable to identify a plausible constitutional right that Hill alleges was violated.  Her right to act as an agent for her sister was clearly governed by state law, specifically, the Alabama Uniform Power of Attorney Act, Ala. Code § 26-1A-101 et seq. (1975). Under the Uniform Power of Attorney Act, it is also clear that a parent of the principal is authorized to seek judicial relief when he or she feels that the conduct of the principal's agent should be reviewed.  In those instances, the court has the authority to "grant appropriate relief." Ala. Code § 26-1A-116 (1975).  Thus, Hill's attempt to show that she has brought a federal question action under § 1983 fails.

42 U.S.C. § 1985 has three subparts and Hill has failed to identify which part of the statute applies in this case.  If she purports to bring her conspiracy claims pursuant to 42 U.S.C. § 1985(2)-(3), that provision provides as follows:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The elements that must be established to prove a claim under § 1985(3) are:

> (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States.

*Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1312 (11th Cir. 2010).  "[T]he second element requires a showing of some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Burrell v. Board of Trustees of Ga. Military College*, 970 F.2d 785, 794 (11th Cir.1992) (quoting *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983) (internal quotation marks omitted).

Although Hill is clearly trying to allege a conspiracy between Judge Davis and Mr. Zimmerman, she has not provided facts that would support such a conspiracy.  She merely alleges facts from which one would infer that both defendants were merely performing their relevant tasks as an attorney and probate judge. Mr. Zimmerman brought the guardianship action on behalf of the mother of the principal, the action was litigated

before Judge Davis and during those proceedings Hill's ability to act pursuant to a power of attorney executed by her sister was revoked. These facts do not establish a claim of conspiratorial conduct on the part of Judge Davis and Zimmerman to deprive the Plaintiff of any unidentified rights she has under the Constitution or the laws of the United States. Again, plaintiff's reference to civil rights statutes without a sufficient factual basis in support of her claims, does not establish federal question jurisdiction.

Since the Plaintiff has failed to provide a statement establishing jurisdiction and has failed to provide a sufficient basis for the Court to find that federal question jurisdiction does exist, the Court should dismiss this action. Rule 12(h)(3), Fed. R. Civ. P.

### III.    The *Rooker-Feldman* Doctrine.

Defendants also argue that subject matter jurisdiction is lacking to review Plaintiff's claims because they are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes federal district courts from exercising appellate jurisdiction over final state court judgments." *Macleod v. Zambrano*, -- Fed.Appx. --, 2019 WL 516495 at 2 (11th Cir. February 11, 2019) (unpublished) (citing *Nicholson v. Shaffe*, 558 F.3d 1266, 1268 (11th Cir. 2009)). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1522 (2005). This doctrine precludes the review of claims already adjudicated and those inextricably intertwined with the judgment of the state court. *Macleod* at 2 (citing *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("The doctrine applies both to federal claims raised

11

in the state court and to those inextricably intertwined with the state court's judgment.")
(internal quotation marks omitted).

In this case, although the facts plead by Plaintiff are sparse, the Court has been
able to determine that she is complaining of the actions taken by Zimmerman during his
representation of Plaintiff's mother in a probate proceeding, Case No. 2018-0323, and
the orders entered by Probate Judge Don Davis. (Motion to Dismiss, Exhibits B & C,
Doc. 17-3).  Zimmerman filed a Petition for Guardianship and Conservatorship with
respect to Ms. Singleton, an incapacitated person. (*Id*., Exhibit A).[5]  The filings by
Zimmerman led to at least two hearings before Judge Davis.  After these hearings,
Judge Davis issued two orders dated March 27, 2018 and May 16, 2018 that revoked
the Power of Attorney granted to Hill and required her to account for funds that she
allegedly spent improperly because they were the funds of Theresa Singleton. (Exhibits
B & C, Doc. 17-3).

An appeal of Judge Davis' decisions has been acknowledged by all parties, but
Hill unequivocally informed the Court that she did not file any appeal although she was
aware that she had that right.  Her statement was that she specifically decided not to file
an appeal although an appeal may have been filed on behalf of Ms. Singleton.  A review

---

[5] The Court takes judicial notice of the public records of the Probate Court of Mobile
County, Alabama.  Fed. R. Evid. 201.  *See Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572
F.3d 1271, 1279 (11th Cir.2009) ("[W]here a defendant raises a factual attack on subject matter
jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and
affidavits.").  Also, "a court ordinarily may treat documents from prior state court adjudications as
public records." *Boateng v. InterAmerican University, Inc.,* 210 F.3d 56, 60 (1st Cir. 2000) (a court
may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the
motion into one for summary judgment) (citing *Henson v. CSC Credit Services,* 29 F.3d 280, 284
(7th Cir.1994)).

of the documents filed in the guardianship proceedings reveals that an appeal was filed on June 15, 2018 (Notice of Appeal, Attachment 1).  The notice was signed as follows: "Theresa Singleton-In Fact." (*Id.*)  The appeal was specifically from the "Order that declared a power of attorney void." (*Id.*)

After the appeal was filed, Hill specifically identified herself as the person prosecuting the appeal on behalf of Theresa Singleton in a "Motion For Stay" filed in the probate proceeding on June 20, 2018. (Motion For Stay, Attachment 2).  The signature on that document is "Theresa Singleton-In Fact/Donisher Reed Hill." (*Id.*)  After the filing of this federal action on June 25, 2018, the Supreme Court of Alabama, on August 15, 2018, dismissed the appeal as having been taken from a non-appealable order. (Order, Attachment 3).[6]

A two-stage procedure is used in the Eleventh Circuit to determine if *Rooker-Feldman* applies.  The critical first question in this inquiry is to determine if the state proceeding has ended.  One method for deciding if a state court proceeding has ended for purposes of applying the *Rooker-Feldman* doctrine would be to determine if "the state court action has reached a point where neither party seeks further action[.]"

---

[6] Since it was confirmed during the September 2018 hearing that Hill is not a licensed attorney, her filing of an appeal and motions on behalf of her sister in the Probate Court and the Alabama Supreme Court may subject her to disciplinary proceedings by the Unauthorized Practice of Law Committee of the Alabama State Bar.  See *Godwin v. State ex rel. McKnight*, 784 So.2d 1014, 1015 (Ala.,2000) ("Although the law allows Mr. Godwin to file complaints *pro se,* it does not allow him to file a complaint on behalf of anyone else, even an estate of which he is the executor. "[T]he practice of law is defined as follows: Whoever, (1) In a representative capacity appears as an advocate or draws papers, pleadings or documents, or performs any act in connection with proceedings pending or prospective before a court ... is practicing law." Ala.Code 1975, § 34–3–6(b)).

*Nicholson v. Shafe,* 558 F.3d 1266, 1275 (11th Cir. 2009) (internal quotation marks omitted) (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. (Puerto Rico), 2005) ("'Second, if the state action has reached a point where neither party seeks further action, then the state proceedings have also 'ended.'").  Such is the case in this action because Hill clearly made the decision not to personally appeal Judge Davis' decision to revoke her power-of-attorney status but decided to file an action in this Court to have her rights restored and be given the authority to manage the affairs of Ms. Singleton.  She also informed the undersigned that she had no intention of filing an appeal with the Supreme Court of Alabama. Given these facts, it is clear that neither party in the probate proceedings is seeking further action with respect to the rulings entered by Judge Davis with regard to the power of attorney instruments that have been voided.  See *Velazquez v. South Florida Federal Credit Union*, 546 Fed. Appx 854, 857 (11th Cir. 2013) (unpublished) (Even though appellate option continued to be available while action was pending in federal court, that availability vanished when the plaintiff had lost in state court and given up.);  see also *Ware v. Polk County Bd. of County Com'rs*, 394 Fed.Appx. 606, 609, 2010 WL 3329959, at *2 (11th Cir. 2010) ("The exhibits also establish that Ware had no intention of appealing the judgment to a state appellate court, preferring instead 'to go straight to federal' court.").  According to Hill, the premature appeal filed on behalf of Theresa Singleton was not her appeal and she had no intent to file a state appeal.

This statement of her intent overrides any lingering possibility that she may have the right to file an appeal with the Alabama Supreme Court.[7]

The second question to be resolved is whether Hill's claims are the same as those raised in the probate proceeding or if they are inextricably intertwined with the state court's judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Hill has attempted to have this Court review and nullify the decisions made by Judge Davis

---

[7] Should it be determined that the undersigned has incorrectly found that the probate proceedings are final as to the claims raised by Plaintiff, the defendants have also argued that this court should abstain from proceeding in this case based on the Supreme Court's decision in *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746 (1971). If the guardianship action is found to be ongoing and the rulings by Judge Davis revoking the powers of attorney granted by Ms. Singleton are not final, "the Younger abstention would prevent a federal court from intervening in any ongoing proceedings." *Thomas v. Disanto*, ---Fed.Appx.---, 2019 WL 978785 (11th Cir., February 27, 2019). The decision in Younger, while involving the injunction of a criminal action, is "fully applicable to noncriminal judicial proceedings when important state interests are involved." *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003).

There are three questions to be answered when considering whether *Younger* abstention applies: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (alteration in original) (quoting *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982). The guardianship proceeding involves the proper care of an adult family member alleged to be incapacitated, including a responsible oversight of her assets. Assuming that the Probate Court's continuing supervision of the care being given to Ms. Singleton and her estate constitutes an ongoing state proceeding, it is also found that such a proceeding clearly implicates important state interests. As with the care of children, the care of incapacitated adults and their estates is an area where state courts should have priority over federal claims that mirror the issues before the state court. That is the case here, Hill is clearly trying to get a different verdict from a federal judge as to any rights she may have in continuing to act as an attorney-in-fact for her incapacitated sister. And finally, the assumption that the Probate Court of Mobile County, Alabama will be able to afford the parties in this action with an adequate remedy should be found applicable. Plaintiff has not presented any evidence that this presumption does not apply in this action. Disanto, 2019 WL 978785 at 6 n. 4.

And finally, there is no reason to believe that exceptional circumstances exist in this action that would counsel against a *Younger* abstention. It is clear to see that Hill is only in disagreement with the rulings entered by Judge Davis that had the effect of denying her the opportunity to continue to control the life and property of her sister.

to revoke her authority under a power of attorney instrument executed by her sister. Her federal action is an unveiled attempt to have this Court review and overturn the decision by Judge Davis that prohibits Hill from serving as an attorney-in-fact for Theresa Singleton.  Such attempts at federal court intervention are barred by the Rooker-Feldman doctrine.

Under these circumstances, it is determined that the rulings by Judge Davis that impact Ms. Hill are final for purposes of considering whether the Court has subject matter jurisdiction over this action and further that Hill qualifies as a state court loser complaining of injuries caused by a decision of a state court.  Therefore, subject matter jurisdiction is lacking in this Court – the remedy for any injuries sustained by Hill in the probate court proceedings would lie in the state appellate courts and/or the Supreme Court of the United States.

### IV.   Motion for Sanctions.

**A.    Background Information**.  Judge Davis filed his motion for sanctions pursuant to Rule 11 on August 22, 2018. (Doc. 32).  Plaintiff did not file a written response to the motion but was given an opportunity to respond to the motion during a hearing held on September 19, 2018.

Prior to filing this action in June 2018, Plaintiff was actively engaged in a probate action presided over by Judge Davis.  His rulings went against Plaintiff and she attempted to appeal, on behalf of her sister, the ruling of May 16, 2018 that revoked all powers of attorney instruments executed by Theresa Singleton.  She also objected to that portion of the Order that required her to produce bank records and account for expenditures pertaining to Ms. Singleton. (Doc. 17-2).

The defendants in this case filed motions to dismiss Plaintiff's claims and presented a strong case that her Complaint, as amended, suffered from serious procedural and substantive problems.  Plaintiff's sole response to these motions was to file a request for a second opportunity to amend her Complaint. (Doc. 24).  Seeing that her request to amend did not comply with Civil L. R. 15, the undersigned entered an order requiring Plaintiff to file a copy of her proposed amended complaint within two weeks of the entry of the Court's Order. (Doc. 26).  Plaintiff failed or decided not to file a proposed amended complaint.  Instead, she waited until the hearing on September 19, 2018 to make an oral request for more time to file an amended complaint.  She could not or refused to provide the Court a factual statement of what would be contained in the amended complaint.

Plaintiff advised the Court that her occupation was that of a nurse and it is noted that she did not seek *in forma pauperis* status in this case but paid the filing fee.  When asked if she had consulted an attorney, she advised that she had not consulted an attorney, a personal choice that she made not based on financial concerns.  Thus, it was clear that even when faced with a motion for sanctions, she did not consult an attorney even though it appears that she was financially able to check with counsel about this matter and obtain legal advice regarding her options.

After receiving the motion for sanctions, she ignored the information contained in and attached to the motion.  She did not file a formal response to the motion and failed to provide the Court with any reasons to believe that the request for sanctions was not well taken.  Up until after the hearing on the motion for sanctions, Plaintiff pursued her claims knowing that she had failed to properly plead her claims, that the court lacked

subject matter jurisdiction because of the *Rooker-Feldman* doctrine, that Judge Davis was covered by absolute immunity and that any claim against Zimmerman would surely fail because he was not a state actor for purposes of § 1983 claims.

It was only after the court hearing and being told that the Court believed Rule 11 sanctions would be appropriate given her conduct that she moved to dismiss her action without prejudice.  Even then, Hill implied, as a basis for requesting a dismissal, that the undersigned had used threatening and retaliatory language. (Doc. 42 ("Plaintiff's Motion to Dismiss Proceeding Due to Magistrate's Threat and Retaliation Language.").  The actual reason given in the body of her motion was that the "district court has not timely served Plaintiff's petition for help and therefore, Plaintiff has no other remedy but to file the above styled Motion." (*Id.*)

  **B.**  **Legal Standard**.  Courts will impose Rule 11 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading *in bad faith for an improper purpose.*"  *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

A two-step inquiry is normally conducted in the evaluation of a Rule 11 motion for sanctions.  First, the Court will seek to determine if the non-moving party's claims are objectively frivolous.  Secondly, the Court will consider whether the pro se party should have been aware that the claims were frivolous.  *Adams v. Austal*, *U.S.A.*, *L.L.C.*, 503 Fed.Appx. 699, 703, 2013 WL 56640, at *3 (11th Cir.  2013) ("A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether

the non-moving party's claims are objectively frivolous; and (2) determining whether counsel [or a pro se party] should have been aware that they were frivolous.).

Claims are deemed frivolous when it is determined that no reasonably competent attorney (or pro se party) could conclude that they have any reasonable chance of success or that there is a reasonable argument to change existing law. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "A factual claim is frivolous if no reasonably competent attorney (or *pro se* party) could conclude that it has a reasonable evidentiary basis." *Woodhull v. Mascarella*, 2016 WL 3660527, at *2 (N.D.Fla., 2016) (citing *Davis v. Carl*, 906 F.2d 533, 535-37 (11th Cir. 1990), *Report and Recommendation adopted*, 2016 WL 3661390 (N. D. Fla., 2016), *affirmed*, 699 Fed.Appx. 872 (11th Cir. 2017), *cert. denied* 138 S. Ct. 2685 (2018) and Fed. R. Civ. P. 11 Advisory Committee Note (1983) ("the standard is the same for unrepresented parties.")). "As such where a party does not offer any evidence or only 'patently frivolous' evidence to support factual contention, sanction can be imposed." (*Id*.) (quoting *Davis v. Carl*, 906 F.2d at 536). A pro se litigant's "obligations under Rule 11 are not measured solely at the time of filing" but reasonable inquiries must be made during the proceeding to determine if a violation has occurred. *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); see also *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1332 (11th Cir.1992) ("In our view, the district court did not abuse its discretion in determining that Williams' urging of Meeker's counterclaim of bad faith after August, 1988, had no basis in fact and thereby violated Rule 11.").

"Rule 11(c) permits sanctions for any violation of Rule 11(b). "The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter

costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quotation omitted). Sanctions, if found necessary, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The available sanctions include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* "[T]he district court must consider the ability to pay of the party subject to sanctions." *Overcash v. Shelnutt*, 2017 WL 4286524, at *2 (M.D. Fla., 2017) (quoting *Bullard v. Downs*, 161 Fed.Appx. 886, 887 (11th Cir. 2006) (per curiam)).

The claims advanced by Ms. Hill are objectively frivolous for the reasons set forth below and a reasonably competent *pro se* litigant would have known those claims were either legally or factually frivolous and would not have advanced such claims. By failing to act with any modicum of restraint, Ms. Hill has needlessly pulled numerous individuals into a lawsuit without any arguable basis for doing so and accomplished nothing more than expending others' resources.  In addition, she has needlessly brought this action at the expense of substantial judicial resources. This type of behavior does nothing to advance the interests of justice and is an unnecessary burden on our judicial system.

**C.    Claims Against Judge Davis**.  In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (quoting

*Bradley v. Fisher*, 80 U.S. 335, 13 Wall. 335, 351, 20 L.Ed. 646 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996); *Scott v. Hayes*, 719 F.2d 1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though his action "was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356, 98 S.Ct at 1105. Absolute judicial immunity ensures "'that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself[,]'" *id.* at 355, 98 S.Ct. at 1104 (quoting *Bradley*, 13 Wall. at 347), which is a "'principle of the highest importance to the proper administration of justice[.]'" *Id.* The Eleventh Circuit has "extended judicial immunity to cases seeking injunctive relief against the judge." *Redford v. Wright*, 378 Fed.Appx. 987-988, 2010 WL 1881075, at *2 (11th Cir. 2010)[8] (unpublished) (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)).  "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Judge Davis is not subject to liability for the alleged actions taken in his capacity as a judicial officer.  He was acting in his authorized position as a probate judge when

---

[8] "Plaintiff, proceeding *pro se,* brought this lawsuit against defendant, a judge of the Fulton County, Georgia Superior Court, claiming that she had violated his civil rights by issuing protective orders, affecting his visitation rights with his children, and seeking relief under 42 U.S.C. § 1983." *Redford v. Wright*, 2010 WL 1881075, at *1 (11th Cir. (Ga.), 2010).

he made the rulings that the Plaintiff is attacking in this Court.  He was presiding over a guardianship action and made his decisions after hearings in his court.  Plaintiff has not raised a reasonable argument that he was acting outside his jurisdiction in any manner whatsoever. In fact, the jurisdiction of a probate judge in Mobile County is expansive in Alabama in that local "Act No. 91–131 applies to counties with populations between 300,000 and 500,000. The Act applies to Mobile County and grants the Probate Court of Mobile County concurrent jurisdiction with the circuit court in the administration of decedents' estates and other kinds of estates." *Russell v. Russell*, 758 So.2d 533, 535–36 (Ala.,1999) overruled on other grounds by *Oliver v. Shealey*, 67 So.3d 73 (Ala., 2011). Specifically, the Act provides that those counties meeting the population requirements, which Mobile County does, "shall have general and equity jurisdiction concurrent with that of the Circuit Courts of this State, in the administration of the estates of deceased persons, minors, the developmentally disabled, insane, incapacitated, protected or incompetent persons, or the like, … ."  Act No. 91-131, Section 1. (Attachment 4)

No reasonably competent litigant could possibly believe that an action against Judge Davis under these circumstances could ever be successful.  Therefore, the § 1983 claim against Judge Davis is determined to be frivolous.

Plaintiff's suggestion that Judge Davis violated §§ 1985 & 1986 are equally, if not more, frivolous.  Plaintiff has failed to offer any evidence that Judge Davis and Zimmerman engaged in a conspiracy nor has she alleged that the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws of the United States.  She

has provided no reason to believe, and the undersigned cannot conceive of one, that she would able to obtain a successful outcome on claims that were filed on the basis of these statutes which were merely referenced in her Complaint.

   **D.** **Claims Against Zimmerman**.  One of the elements of a § 1983 is to show that the defendant is a state actor.  Plaintiff has not only failed to allege that Zimmerman was a state actor but any attempt to show that he should be considered a state actor through a conspiracy with Judge Davis is frivolous.  The acts of filing a guardianship petition on behalf of the mother of an incapacitated daughter and litigating that action on her behalf while gaining positive rulings from the presiding judge do not establish a conspiracy that would support a "state actor" status for purposes of § 1983. *See Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir.1992) (Plaintiff argued that a party and that party's lawyer provided the judge with false information, but no allegation was made that the judge was aware of this falsity. "Without the judge's knowledge, the complaint fails to properly allege conspiracy involving a state actor. At best, it presents a claim for misuse of state judicial procedures, for which there is no action under section 1983."). Just as with the claims against Judge Davis, a reasonable litigant should have known that she would not have any likelihood of success in proceeding against a private attorney under these circumstances.

  For the same reasons discussed above, her claim of a conspiracy between Judge Davis and Mr. Zimmerman, prohibited by §§ 1985 & 1986, is frivolous.

   **E.** **Plaintiff's Knowledge**.  Plaintiff's decision to file this federal action was made without the assistance of counsel.  Not obtaining assistance from an attorney was a personal decision not based on financial concerns.  Even so, a rudimentary

review of cases pursued under 42 U.S.C. § 1983 would have revealed the almost unsurmountable problems to a successful outcome against a state court judge and a private attorney.  The same is true for proceeding against the same defendants under a conspiracy theory.  In this case it is clear to see that Hill never even took the time to discover the essential elements of her claims due to her total failure to attempt to plead facts that would establish those necessary elements.  Her failures in this regard can only be due to her inexperience and failing to do the necessary preliminary research.[9]

After her complaints were filed, she gained more information after being given notice of her pleading deficits by the defendants in their motion to dismiss filings.  She made no attempt to dispute the arguments presented by the defendants but, instead, requested an opportunity to file an amended complaint.  The chances that this request would be granted depended, however, on the content of her proposed amended complaint.  Since she never complied with the Court's local rule that she must present a new and complete amended complaint for review by the Court and opposing counsel, that opportunity was lost.  The record is clear that Hill, after plenty of time to do so, has made no effort to provide new and more carefully crafted claims.

A third notice of her frivolous claims came by way of the motion for Rule 11 sanctions.  She was afforded a safe harbor of twenty-one days in which to withdraw her frivolous claims or face the possibility of the imposition of sanctions.  Even with the information she had at that time, she did not move to withdraw her claims until after a

---

[9] Hill's occupation is that of a nurse.  Given her educational background and the level of understanding she exhibited during the September hearing, it is also determined that she does not suffer from any educational or intellectual deficits that would explain the reasons she did not present a viable claim in her complaints.

hearing where she was informed that it would be the recommendation of the undersigned that Rule 11 sanctions were appropriate in the case.  By that time, her opportunity to easily avoid the imposition of sanctions had passed.

Plaintiff's continued pressing of this action require the imposition of sanctions, in an amount to be determined after consideration is given to any evidence Plaintiff produces with regard to her ability to pay the attorney's fees and costs established in the affidavit of Jerome Speegle filed on August 27, 2018 (Doc. 34).

### V.      Order and Recommendation.

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1. The motions to dismiss filed by Judge Davis and David Zimmerman (Docs. 8 & 17) be **GRANTED IN PART AND DENIED IN PART.**  The motions should be granted to the extent that this action is dismissed without prejudice for lack of subject matter jurisdiction;

2. The motion for Rule 11 sanctions filed by Judge Davis (Doc. 32) be **GRANTED**;

3. Within fourteen days of the receipt of this ORDER AND REPORT AND RECOMMENDATION Plaintiff Hill must submit an affidavit and other proof relevant to the question of her financial ability or lack of ability to pay the reasonable fees and expenses paid by Judge Davis.  The Court will then issue a new report and recommendation, addressing the amount of attorney's fees and costs to be imposed as a sanction.

It is further **ORDERED** and **ADJUDGED** that:

4. Plaintiff's motion for permission to amend her complaint (Doc. 24) is **DENIED**;

5. Plaintiff's motion for sanctions against Jerome E. Speegle (Doc. 30) is **DENIED**;

6. Plaintiff's motion to strike the motions to dismiss filed by the defendants (Doc. 35) is **DENIED**; and

7. Plaintiff's motion to disqualify Jerome E. Speegle (Doc. 38) is **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this order and report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this order or recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 6th day of March, 2019.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

26

170851

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-I (front)    Rev.1/97 | NOTICE OF APPEAL TO THE (Check appropriate block)<br>☑ SUPREME COURT OF ALABAMA<br>☐ COURT OF CIVIL APPEALS OF ALABAMA | Civil Action Number:<br>2018-0323 |
|---|---|---|

**IN THE** PROBATE **COURT OF** _____ MOBILE _____ **COUNTY, ALABAMA**

| APPELLANT | THERESA SINGLETON |
|---|---|
| **v.  APPELLEE** | NAKEASHIA OSTERLOH |
| **TRIAL JUDGE** | Hon, DON DAVIS |
| **DATE OF JUDGMENT:** May 16, 2018 | **DATE OF POST – JUDGMENT ORDER:** May 16, 2018 |

JAN 15 2018
CLERK
OF ALABAMA

**NOTICE IS HEREBY GIVEN THAT** _____ THESESA SINGLETON _____ appeal(s) to the above-named court from the ☐ Final Judgment ☑ Order See Attached [ Order that declared a power of attorney void] entered in this cause.
(describing it)

CHECK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT:

| SUPREME COURT | COURT OF CIVIL APPEALS |
|---|---|
| 1☐ Summary Judgment, amount claimed more than $ 50,000 | 1. ☐ Summary Judgment, amount claimed  $ 50,000 or less |
| 2☐ Judgment Amount exceeds $50,000 | 2. ☐ Judgment Amount $50,000 or less |
| 3☐ Amount Sought in trial court more than $50,000,<br>    Judgment for defendant | 3. ☐ Amount Sought $50,000 or less, judgment for defendant |
|  | 4. ☐ Workmen's Compensation |
| 4☐ Equitable Relief, except for domestic relations | 5. ☐ Domestic Relations |
| 5☑ Other: Appellate Review of Probate Judge Jurisdiction | 6. ☐ Other: n/a |

**APPELLANT FILES WITH THIS NOTICE OF APPEAL:**

1. ☑ Security for costs of appeal
2. ☐ A supersedeas bond in the amount of $ _____
3. ☐ Deposited cash security in the amount of $ _____

4. ☐ Is exempted by law from giving security for costs of appeal
   by virtue of _____

Filed _____ June 15, 2018 _____
(Date)

CERTIFIED AS A TRUE COPY

_____
Circuit Clerk

Address 112 Myrtlewood Ave
Chickasaw, AL 36611    (251) 391-9159
Telephone Number
Theresa Singleton Infact
Appellant or Attorney for Appellant

Email _____

**SECURITY FOR COSTS**

We hereby acknowledge ourselves security for costs of appeal.  For the payment of all costs secured by this undertaking, we hereby waive our right of exemption as to personal property under the Constitution and laws of the State of Alabama.

Executed with our seals this _____ day of _____ , _____

Filed and approved: _____
(Date)

Appellant-principal    _____ (L.S.)

Surety    _____ (L.S.)

_____
Circuit Clerk
(Amended November 9, 1976; October 1, 1991.)

Surety    _____ (L.S.)

**SUPERSEDEAS BOND**

We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto _____
In the sum of _____ Dollars, for the payment of which we bind ourselves, and each other, our heirs, executors, [(for amount of bond see Rule 8(a) and administrators, jointly and severally, and as part of this undertaking we hereby waive our rights  of exemption as to personal property under the Constitution and laws of the State of Alabama.

FILED JAN 15 18AM11:14 POTHORAL

Attachment 1

STATE OF ALABAMA          :          PROBATE OF SAID COURT

MOBILE COUNTY          :          CASE NO. 2018-0323

THERESA SINGLETON,

### MOTION FOR STAY

       Comes now, THERESA SINGLETON IN-FACT/DONISHER REED-HILL, move this honorable court to stay all proceedings and states as followed.

1. This matter is before the supreme court of Alabama to review the May 16, 2018 order.
2. In order to protect Attorney-In-Fact constitutional rights under the power to contract.
3. Attorney-In-Fact have know other remedies than to request this stay of proceedings,

Wherefore, Theresa Singleton-In-fact/Donisher Reed-Hill moves this honorable court to grant said motion and allow Theresa Singleton-In-Fact/Donisher Reed-Hill's cause of appeal to go forward.

                           Respectfully Submitted

                           Theresa Singleton-In-Fact/Donisher Reed Hill

### Certificate of Service

A copy of this motion for stay was this day filed with clerk of court and mailed to the appellees' attorney name and address is the honorable David B. Zimmerman, 155 South Warren Street, Mobile, Alabama 36602, General Conservator Mobile County Greg Carwie P O Box 2021 Mobile AL 36652, and attorney William Donald 411 St Francis Street, Mobile AL 36633.

                          DENIED on, 6-22-18

                          DON DAVIS, JUDGE

Attachment 2



# IN THE SUPREME COURT OF ALABAMA

August 15, 2018

1170851

Theresa Singleton v. Nakeashia Osterloh   (Appeal from Mobile
Probate Court: 2018-0323).

## ORDER

The Notice of Appeal filed by Theresa Singleton on June
15, 2018, having been submitted to this Court,

IT IS ORDERED that the appeal is DISMISSED as taken from
a non-appealable order.

IT IS FURTHER ORDERED that the Motion for Relief is
DISMISSED as moot.

**Stuart, C.J., and Bolin, Parker, Shaw, Main, Wise, Bryan,
Sellers, and Mendheim, JJ., concur.**

**Witness my hand this 15th day of August, 2018.**

Clerk, Supreme Court of Alabama

```
            FILED
       August 15, 2018
          4:12 pm

           Clerk
   Supreme Court of Alabama
```

cc:
Don Davis
Mobile County Probate Court
William A. Donaldson
Theresa Singleton
David Bruce Zimmerman

Attachment 3

166

Alabama, shall be known as and is hereby designated the "Leon McReynolds Lake" in honor of Mr. Leon McReynolds.

RESOLVED FURTHER, That the Highway Department together with the division of Tourism and Travel shall have included on any map, which includes Baldwin County, the "Leon McReynolds Lake," so that all may know of this fine gentleman and the high honor the Alabama Legislature has bestowed on him.

BE IT FURTHER RESOLVED, That a copy of this resolution shall be sent to his widow, Mrs. Lucinda Carroll McReynolds so that she and her family may know of our high esteem of Mr. Leon McReynolds along with our warmest personal regard.

Approved May 28, 1991

Time: 4:23 P.M.



Act No. 91-131

S. 293 — Senators Figures, Bedsole, Windom and Lipscomb

AN ACT

Relating to Mobile County; to amend Sections 1 through 9 of Act No. 974, S. 384, Regular Session 1961 (Acts 1961, p. 1550 et seq.); to confer on the Probate Courts of the county general and equity jurisdiction over certain estates concurrent with that of the Circuit Courts; to provide for the powers and authority of the Probate Judges and Chief Clerks of such Probate Courts; and to provide for the pleading and procedure in such estates, the enforcement of orders, judgments and decrees and appeals of same.

*Be It Enacted by the Legislature of Alabama:*

Section 1.   In Mobile County, Act No. 974, S. 384, Regular Session 1961 (Acts 1961, p. 1550 et seq.), is hereby amended to read as follows:

"Section 1.   That the Probate Courts in all counties of this State which now have or may hereafter have a population of over 300,000 and less than 500,000, according to the last or any subsequent Federal census, shall have general and equity jurisdiction concurrent with that of the Circuit Courts of this State, in the administration of the estates of deceased persons, minors, the developmentally disabled, insane, incapacitated, protected or incompetent persons, or the like, and testamentary trust estates. The jurisdiction granted by this act shall be conferred without the necessity of the same being invoked in any estate proceeding and may be exercised at the discretion of the Court.

Attachment 4



167

"Section 2.   (a) That the Judges of such Probate Courts shall have the same powers and authority which Judges of the Circuit Courts of this State have in connection with the administration of such estates in the Circuit Courts, including, but not limited to, the authority to (i) grant private sales of property, (ii) determine title and/or ownership of assets, real, personal or mixed, (iii) authorize, order and direct paternity testing where there is a question concerning a parent/child relationship, and (iv) determine heirship.

"(b) That the Chief Clerks of such Probate Courts, appointed pursuant to statute, shall have the same powers and authority and may do all acts and things and perform all other duties ministerial and judicial, where there is no contest, that the Probate Judges may do and perform under this act.

"Section 3.   That all laws of pleading and practice, and evidence, and rules of court, including the Alabama Rules of Civil Procedure, and all laws relating to testamentary trusts and testamentary trustees, and all laws relating to the mode of obtaining evidence by oral examination or by depositions, and of compelling the attendance of witnesses, and of enforcing orders, decrees and judgments, including money judgments, now applicable in the Circuit Courts shall apply to the administration of such estates in said Probate Courts, in so far as the same can be made appropriate.

"Section 4.   That in the administration of said estates, such Probate Courts may proceed according to the rules and practice of the Circuit Courts of this state, without regard to the statutory requirements provided for the administration of such estates in the Probate Courts of this State, but nothing herein is intended to prohibit such Probate Courts from proceeding in accordance with the statutes relating to the administration of such estates in the Probate Courts of this State generally.

"Section 5.   That appeals from the orders, judgments and decrees of such Probate Courts, relating to the administration of such estates, including decrees on partial settlements, lie to the Supreme Court within the time period prescribed in the Alabama Rules of Appellate Procedure from the entry of the order, judgment or decree. Such appeals shall be made in accordance with said appellate rules.

"Section 6.   The Probate Judges of such Courts shall perform all the duties now required by law of the Judges of the Circuit Courts of this State, in reference to the administration of such estates, and shall be entitled to assess and collect the costs of court, charges, fees and commissions as are authorized by law to be assessed and collected.

168

"Section 7.   The jurisdiction conferred by this act on the Probate Courts, Probate Judges, and Chief Clerks of such counties is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the jurisdiction of the Circuit Courts or the Probate Courts of such counties. Nothing herein shall be construed as prohibiting the removal of any such estates from the Probate Court in such counties to the Circuit Court as is provided by law.

"Section 8.   It is the primary intention of this act to expedite and facilitate the administration of such estates in counties of over 300,000 and less than 500,000 population and should any part or parts of this act be declared unconstitutional it is not intended that it shall affect the remainder of the act.

"Section 9.   The Probate Judges of such courts shall collect from the person or persons liable by law for the payment thereof, all costs of court, charges, fees and commissions chargeable for the services so performed under this act and pay the same into the treasury of his county, provided however that said Courts may require pre-payment of anticipated costs, or a reasonable deposit for same, in any such estate proceeding."

Section 2.   This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved May 28, 1991

Time: 4:24 P.M.

Act No. 91-132

S.J.R. 71 — Senators Bolling, Amari, Bailey, Barron, Bedsole, Bennett, Campbell, Corbett, deGraffenried, Denton, Dial, Dixon, Ellis, Figures, Floyd, Foshee, Ghee, Hale, Hilliard, Horn, Langford, Lindsey, Lipscomb, Little, Mitchell, Mitchem, Owens, Parsons, Preuitt, Sanders, B. Smith, J. Smith, Waggoner, Wilson and Windom