## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DONISHER R. HILL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CA 18-00287-JB-C |
| | : | |
| DON DAVIS and DAVID | : | |
| ZIMMERMAN in their official and | : | |
| personal capacities, | : | |
| | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION

This matter is before the undersigned on Plaintiff Donisher R. Hill's Motion to Reconsider (Doc. 49)[1] following the district court's adoption of the Report and Recommendation filed on March 6, 2019. (Doc. 45). Having considered Plaintiff's instant Motion and Defendant's Motion for Sanctions (Doc. 32) and supplemental filings (Docs. 34, 40), it is determined that Plaintiff's Motion is due to be **denied**, and Defendant's Motion is due to be **granted**, for the reasons outlined in the earlier Report and Recommendation. (Doc. 45, pp. 18 – 25). It is also determined that an award of attorney's fees and costs in the amount of $2,926.24 would constitute an appropriate sanction pursuant to Rule 11, Federal Rules of Civil Procedure.

I.    **Background**

---

[1] The instant Motion for Reconsideration was filed on April 4, 2019, six days after the district court's entry a judgment that the action be dismissed without prejudice for lack of jurisdiction and that Rule 11 sanctions against the *pro se* plaintiff were appropriate. Accordingly, it is construed as a Motion to Alter or Amend the Judgment as designated in Rule 59(e) of the Federal Rules of Civil Procedure.

As more fully set out in the earlier-filed Report and Recommendation (Doc. 45, pp. 1 – 5) Plaintiff commenced this action on June 25, 2018, claiming Don Davis, Probate Judge of Mobile County, and Mr. David Zimmerman, an attorney, violated her state and federal rights. (See Docs. 1 & 5).[2]  Thereafter, Defendants filed Motions to Dismiss, (see Docs. 7 & 18), arguing several grounds upon which the Court should dismiss Plaintiff's claims.  Judge Davis also filed a Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure seeking attorneys' fees and costs in the amount of $5,806.33. (Doc. 32, p. 3).  On September 25, 2018, Judge Davis supplemented his Motion for Sanctions with a "Supplemental Filing," which contained invoices from his counsel for fees and costs incurred as a result of this litigation. (see generally, Doc. 40).

After taking the parties' pleadings and motions under submission, the undersigned found that Plaintiff's claims were due to be dismissed (Doc. 45, pp. 7 – 15) and that sanctions were appropriate. (Id. at pp. 16 – 25).  Specifically, it was found that sanctions were appropriate as Plaintiff was put on notice that her claims were frivolous (at least as early as July 9, 2018, and no later than September 19, 2018), Plaintiff was put on notice that sanctions would be recommended because she failed to withdraw her claims or cure her pleading deficiencies by the deadline set by the Court, and that Plaintiff continued this litigation after being put on such notice. (Doc. 45, pp. 17 – 18; 20 – 24).  Thereafter, Plaintiff filed an Objection to the Report and Recommendation.[3]  The district court adopted the Report and Recommendation in toto on March

---

[2] As noted in the first Report and Recommendation in this case, Plaintiff filed an amended *pro se* complaint on July 2, 2018 (Doc. 5) pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.

[3] Though Plaintiff failed to satisfy the parameters of Rule 72(b)(2) of the Federal Rules of Civil Procedure ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. [. . .]"), the undersigned will construe Plaintiff's Motion as an Objection.

28, 2019.   Plaintiff then filed a "Motion for Reconsideration of the Sanction Provision of Document Number 48." (Doc. 49).   In her Motion, Plaintiff argues that her conduct does not warrant sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and cites *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) as grounds for reconsidering the district court's imposition of Rule 11 sanctions.   Accordingly, the undersigned construes Defendant's argument to include objections to the finding that sanctions are warranted, as well as to any amount of fees that the Court imposes.   Each issue will be addressed in turn below.

I.      **Controlling Authorities**

A.  **Motion to Alter or Amend the Judgment**

"A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought." *Mays v. U.S. Postal Service,* 122 F.3d 43, 46 (11th Cir.1997).   Plaintiff's undesignated post-judgment motion for reconsideration is construed as a Rule 59(e) motion to alter or amend the judgment of March 28, 2019 (Doc. 48) for two reasons.   First, the motion was filed within the time period for filing Rule 59(e) motions and the Eleventh Circuit uses this factor when determining how to classify the motion.   *Cormier v. Green*, 141 Fed.Appx. 808, 815, 2005 WL 1620475, at *6 (11th Cir. 2005) ("We treat a motion that is filed within ten business days of the

---

Giving a favorable reading to Plaintiff's filing following the Report and Recommendation shows that Plaintiff disagreed with the undersigned's conclusions in the Report and Recommendation, generally, and requested that the district court give *de novo* review to her claims. (*See* Doc. 46, p. 1) ("Donisher Hill sought relief by motion to the district court and moved for dismissal of the proceeding. [. . .] Donisher Hill moves this honorable Court and presiding District Court Judge to review the entire record and accept this pleading under the circumstances.  For sure, Donisher Hill made the right decision to seek district court review and judge [*sic*] relief in reply to audio events that surfaced during the magistrate judge [*sic*] scheduled hearing.").

entry of judgment and that asks for reconsideration of matters encompassed in the judgment as a motion under Rule 59(e).") (citing *Finch v. City of Vernon,* 845 F.2d 256, 258–59 (11th Cir.1988).[4]

Secondly, Plaintiff is clearly seeking to have the Court reconsider that portion of the judgment wherein it was determined that Rule 11 sanctions should be imposed, a request fitting neatly into the Rule 59 domain. *Lucas v. Florida Power & Light Co.,* 729 F.2d 1300, 1301 (11th Cir. 1984) ("Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits."); see also *Hayes Family Trust v. State Farm Fire & Casualty Company*, 845 F.3d 997, 1004 (10th Cir. 2017) ("No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment.").

The Eleventh Circuit admonishes that "[p]arties, however, cannot use a Rule 59(e) motion to re-litigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida,* 243 F.3d 1282, 1292 (11th Cir.2001)." *U.S. v. Klohn*, 2010 WL 1379961, at *2 (M.D.Fla.,2010). As this Court has explained:

> Motions to reconsider under Rules 59 and 60 of the Federal Rules of Civil Procedure are subject to a stringent legal standard. In that regard, it is hornbook law that "[i]n the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Longcrier v. HL–A Co.*, 595 F. Supp. 2d 1218, 1246 (S.D. Ala. 2008) (citations omitted). […] "Nor are motions to

---

[4] Even though the Plaintiff meets the old ten-day rule in this case, it should be noted that the time for filing a Rule 59 motion was changed to 28 days in 2009. Fed. R. Civ. P. 11 Advisory Committee Note (2009 Amendments).

> reconsider properly filed as a kneejerk reaction by a dissatisfied federal
> court loser." *Lee v. Thomas*, [No. 10–cv–0587–WS–M,] 2012 WL
> 3137901, at *2 (S.D. Ala. Aug. 1, 2012). Rather, under Rule 59(e), […] "a
> party may move for reconsideration only when one of the following has
> occurred: an intervening change in controlling law, the availability of new
> evidence, or the need to correct clear error or prevent manifest injustice."
> Longcrier, 595 F. Supp. 2d at 1247 (citations and internal punctuation
> omitted).

*July v. Bd. of Water and Sewer Com'rs of City of Mobile*, No. 11–cv–0635–WS–N, 2013 WL
66646, at *1 (S.D. Ala. Jan. 4, 2013) (denying pro se plaintiff's post-judgment motion).

### B. Rule 11 Sanctions

Courts will impose Rule 11 sanctions: "(1) when a party files a pleading that has no
reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that
has no reasonable chance of success and that cannot be advanced as a reasonable argument to
change existing law; or (3) when the party files a pleading in bad faith for an improper purpose."
*Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

A two-step inquiry is normally conducted in the evaluation of a Rule 11 motion for
sanctions.  First, the court will determine whether the non-moving party's claims are objectively
frivolous.  Next, the court will consider whether the pro se party should have been aware that
the claims were frivolous. *Adams v. Austal, U.S.A., L.L.C.*, 503 Fed.Appx. 699, 703, 2013 WL 56640,
at *3 (11th Cir. 2013) ("A court conducts a two- step inquiry when evaluating a motion for Rule
11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous;
and (2) determining whether counsel [or a pro se party] should have been aware that they were
frivolous.).

Claims are deemed frivolous when it is determined that no reasonably competent attorney (or pro se party) could conclude that they have any reasonable chance of success or that there is a reasonable argument to change existing law. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).  "A factual claim is frivolous if no reasonably competent attorney (or pro se party) could conclude that it has a reasonable evidentiary basis." *Woodhull v. Mascarella*, 2016 WL 3660527, at *2 (N.D.Fla., 2016) (citing Davis v. Carl, 906 F.2d 533, 535-37 (11th Cir. 1990), Report and Recommendation adopted, 2016 WL 3661390 (N. D. Fla., 2016), affirmed, 699 Fed. App'x. 872 (11th Cir. 2017), cert. denied 138 S. Ct. 2685 (2018) and Fed. R. Civ. P. 11 Advisory Committee Note (1983) ("the standard is the same for unrepresented parties.")). "As such where a party does not offer any evidence or only 'patently frivolous' evidence to support factual contention, sanctions can be imposed." (*Id.*) (quoting *Davis v. Carl*, 906 F.2d at 536).  A *pro se* litigant's "obligations under Rule 11 are not measured solely at the time of filing" but reasonable inquiries must be made during the proceeding to determine if a violation has occurred. *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); see also *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1332 (11th Cir.1992) ("In our view, the district court did not abuse its discretion in determining that Williams' urging of Meeker's counterclaim of bad faith after August, 1988, had no basis in fact and thereby violated Rule 11.").

"Rule 11(c) permits sanctions for any violation of Rule 11(b). "The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quotation omitted).  Sanctions, if found necessary, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The

available sanctions include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* "[T]he district court must consider the ability to pay of the party subject to sanctions." *Overcash v. Shelnutt*, 2017 WL 4286524, at *2 (M.D. Fla., 2017) (quoting *Bullard v. Downs*, 161 Fed.Appx. 886, 887 (11th Cir. 2006) (per curiam)).

## C. The Attorneys' Fee Standard

A reasonable attorney's fee is initially estimated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Moton v. Nathan & Nathan, P.C.*, 297 Fed. Appx. 930, 931 (11th Cir. 2008) ("Under the Supreme Court's approach, … '[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' [*Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993)] (quoting *Blum [v. Stenson]*, 465 U.S. [886,] 888, 104 S.Ct. 1541 [(1984)]."); and *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1984)).  The product of reasonable hours times reasonable rate is referred to as the "lodestar." *Galbreath v. Hale Cty., Ala. Comm'n*, 2017 U.S. Dist. LEXIS 132019 at * 3 (S.D. Ala., August 17, 2017) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S.Ct. 1933, 76 L.Ed. 40 (1983)).  The lodestar is strongly presumed to represent a reasonable attorney's fee. *Id.*

A "reasonable hourly rate" is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at * 7 (citing *Blum*, 465 U.S. at 895 – 96 n.11). The fee applicant bears the burden to produce "satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. The Court is itself an expert on the issue of what constitutes a reasonable rate. *Perez v. Carey Int'l, Inc.*, 373 Fed. Appx. 907, 913 (11th Cir. 2010) ("In determining a reasonable hourly rate, '[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees'") (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The Court may rely on its own experience in determining a reasonable fee without the assistance of witness testimony. *Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

A movant's burden to establish a reasonable hourly rate requires more than an affidavit of the attorney performing the services at issue. *Norman,* 836 F.2d at 1303 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work."). Likewise, mere testimony that a particular fee is reasonable is insufficient. *Id*. Rather, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id*. at 1299. Such evidence "may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id*. See also *Duckworth v. Whisenant*, 97 F.3d 1393, 1395 (11th Cir. 1996) ("this circuit has recognized that a movant may meet his burden [to demonstrate a requested rate corresponds with the prevailing market rate] by producing either

direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates.").

In calculating the lodestar, the Court may consider the "relevant factors among the twelve factors identified in *Johnson v. Georgia Highway Express, Inc*., [488 F.2d 714, 717 -719 (5th Cir. 1974)]." *Galbreath*, 2017 U.S. Dist. LEXIS 132019 at * 3 n.2 (S.D. Ala., August 17, 2017) (citing *Bivens v. Wrap it Up, Inc*., 548 F.2d 1348, 1350 (11th Cir. 2008) ("the *Johnson* factors are to be considered in determining the lodestar figure")).  The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability["] of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases.

*Galbreath*, 2017 U.S. Dist. LEXIS 132019 at *3 n.2.  The Eleventh Circuit in *Norman* commended the Johnson factors to the district courts, "to the extent that [the factors] suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court."[5]

After calculating this fee, the Court should then consider whether an adjustment is necessary, as Rule 11's award of sanctions "must be limited to what suffices to deter repetition

---

[5] The *Johnson* factors may be considered in determining the lodestar figure.  They should not be "reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting."  *Bivins*, 548 F.3d at 1349 (*citing Burlington v. Dague*, 504 U.S. 557, 562-63 (1992)).

of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); see also *Baker v. Alderman*, 158 F .3d 516, 528 (11th Cir. 1998) ("[D]eterrence remains the touchstone of the Rule 11 inquiry.") (footnote omitted). The Court should also consider "the conduct and resources of the party to be sanctioned . . . to determin[e] the amount of sanctions to be imposed." *Id*. "The district court should also inquire as to the extent to which the non-violating party's expenses could have been avoided, or mitigated, and reduce or increase the awarded accordingly." *Baker*, 158 F .3d at 528. (footnotes omitted). The Eleventh Circuit has stated that a court should consider the following factors for determining an appropriate Rule 11 sanction:

> (1) whether the improper conduct was willful, or negligent; (2) whether the conduct was part of a pattern of activity, or an isolated event; (3) whether the conduct infected the entire pleading, or only one particular count or defense; (4) whether the person being sanction engaged in similar conduct in other litigation; (5) whether the conduct was intended to injure; (6) what effect the conduct had on the litigation process in time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants.

*Thomas v. Early County, Ga*., 518 F. App'x 645, 646 (11th Cir. 2013) (unpublished) (citing Fed. R. Civ. P. 11, advisory committee notes (1993 Amendments)). "Finally, the court enjoys wide discretion in determining reasonable attorney's fees." *AL ex rel PLB v. Jackson County School Bd*., 2014 WL 2155223, at *4 (N.D. Fla. 2014).

II.     **Discussion**

    **A.  Plaintiff's "Motion to Reconsider"**

As a threshold matter, Plaintiff's Motion to Reconsider fails to discuss or recognize the standard set out in Rule 59(e) of the Federal Rules of Civil Procedure. Instead, Plaintiff argues the following:

> Plaintiff exercised a federal right to seek federal court service. Plaintiff continued to prosecute Plaintiff's civil action complaint until Plaintiff elected to seek dismissal of the civil action complaint. Plaintiff has read the legal standard provision of the "sanction material" offered and shared by this Court. Plaintiff does not believe that Plaintiff's conduct warrant [sic] a sanction order. See Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989).

(Doc. 49, p. 1). A broad reading of Plaintiff's argument, then, reveals that Plaintiff believes she should not be forced to pay the previously announced sanctions because: (1) she voluntarily elected to dismiss this action; and (2) her cited case stands in contravention of the district court's order adopting the Report and Recommendation.

Plaintiff's first argument, that her voluntary request for dismissal warrants a finding that no sanctions are due, is meritless. Following a telephone conference on September 19, 2018, Plaintiff filed a "Motion for Equal Access and Equal Respect Under the Law." (Doc. 41). In that Motion, Plaintiff argued that the undersigned showed Defendants preferential treatment during that telephone hearing, warranting the assignment of a new Magistrate Judge to the case (Doc. 17, pp. 1 – 2), and effectively reiterated the arguments made in her Complaint. (see Id. pp. 2 – 3). The content and subject-matter of the parties' telephone conference is well-trodden ground and does not require the undersigned's comment here. Though it would seem needless to say, neither side received preferential treatment during that hearing.[6] Two weeks later, on October

---

[6] For a fuller description of the discussion that took place during this hearing, the parties may refer to pp. 17 – 18 of the Report and Recommendation issued on March 6, 2019. (Doc. 45). As more fully explained in the Report and Recommendation,

9, 2018, Plaintiff filed her "Motion to Dismiss Proceeding Due to Magistrate's Threat and Retaliation [sic] Language." (Doc. 42).

In sum, Plaintiff effectively asks the Court to reconsider its sanctions because Plaintiff elected to dismiss her suit.  However, this does not tell the whole story.  Plaintiff failed to withdraw her claims following defense counsel's letter on July 9, 2018, after being put on notice that defense counsel would seek sanctions against her for filing a frivolous claim.  Plaintiff also failed to address, discuss, or file a formal response providing a specific argument against the motion for sanctions when it was filed[7] or voluntarily withdraw her claims after the undersigned

---

> Up until after the hearing on the motion for sanctions, Plaintiff pursued her claims knowing that she had failed to properly plead her claims, that the court lacked subject matter jurisdiction because of the *Rooker-Feldman* doctrine, that Judge Davis was covered by absolute immunity and that any claim against Zimmerman would surely fail because he was not a state actor for purposes of § 1983 claims. It was only after the court hearing and being told that the Court believed Rule 11 sanctions would be appropriate given her conduct that she moved to dismiss her action without prejudice.  Even then, Hill implied, as a basis for requesting a dismissal, that the undersigned had used threatening and retaliatory language. The actual reason given in the body of her motion was that the "district court has not timely served Plaintiff's petition for help and therefore, Plaintiff has no other remedy but to file the above styled Motion."

(Doc. 45, pp. 17 – 18).  The hearing was recorded in its entirety.

[7] The undersigned notes that Plaintiff filed a "Response Motion for Sanctions against Jerome E. Speegle" following Defendant's Motion on August 20, 2018. (Doc. 30).  However, as noted in the March 6, 2018 Report and Recommendation, Plaintiff failed to address the merits of Defendant's Motion or provide any specific argument against those made by Defendant.  Instead, Plaintiff argued the following:

> Mr. Jerome E. Speegle is engaging in bad faith practice [*sic*] that obstructs Plaintiff's right to prosecute said lawsuit free of Mr. Speegle's squandering behavior.
> Jerome E. Speegle know [*sic*] and or should know that Defendant was sued, and as sued [*sic*] pursuant to law within an appropriate court of law.

informed her that Rule 11 sanctions would be recommended. (Doc. 45, p.5).  Instead, Plaintiff lingered on and sought the district court's review and for the appointment of a new Magistrate Judge. Most importantly, Plaintiff has already made this argument (Doc. 46) and has failed to even articulate any reason under Rule 59(e) as to why the Court's decision on the motion for sanctions should be changed.

Hill's second argument, that her cited case prevents the Court's imposition of Rule 11 sanctions, is similarly without merit.  To the extent the undersigned construes this argument to align with the relevant standard, it appears Hill argues that her cited case stands for the proposition that the Court must relieve her from this judgment based on a theory that the law does not permit the imposition of sanctions in her circumstances.  This is not the case.  In *Thomas v. Evans*, 880 F.2d 1235 (11th Cir. 1989), the Eleventh Circuit decided that Rule 11 sanctions dismissing a *pro se* prisoner's claims were not warranted because the magistrate's report and recommendation – as well as a later evidentiary hearing – did not include an examination of the factual bases of most of the claims raised in his complaint. *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) ("An order imposing Rule 11 sanctions should state the specific basis of the sanction to allow for meaningful appellate review.").  This case simply does not support a finding that Plaintiff is entitled to the relief she now seeks.   The earlier-issued Report and

---

Plaintiff does not agree with the *dictum* Mr. Speegle has puts [*sic*] before this Court. Wherefore, Plaintiffs seeks an Order from this honorable Court that would include sanction language and language that would cause Mr. Speegle to cease and desist [sic] injecting prejudicial words and rush like [*sic*] manner in this case.

(Doc. 30, p. 2).

Recommendation in this case is replete with facts that justify the Court's imposition of Rule 11 sanctions.  Accordingly, Plaintiff's argument here fails.

### B.  Attorneys' Fees and Costs

As set out above and in the earlier Report and Recommendation, Rule 11 sanctions are warranted in this matter.  According to Judge Davis' Motions for Sanctions from August 11, 2018, Judge Davis had incurred, at that time, $5,670.00 in fees and $136.33 in expenses, amounting to $5,806.33 in fees and costs. (Doc. 32, p. 3).  On August 27, 2018, Judge Davis filed an Affidavit in Support of his Motion for Sanctions, which details the various measures taken by the process server in his employ to attempt to serve Plaintiff. (see generally Doc. 34).  On September 25, 2018, Judge Davis submitted a Supplemental Filing, detailing his legal invoices, which include attorneys' fees and expenses incurred as a result of this litigation. (see generally, Doc. 40). According to his submitted invoices, Judge Davis incurred $4,987.50 in attorneys' fees for twenty-nine (29) hours of work, and costs in the amount of $143.74, amounting to $5,131.24 in fees and costs.  (see Doc. 40, pp. 4 – 13).  This amount was calculated from periods of work from the following range of dates: July 2, 2018 to July 24, 2018; August 9, 2019 to August 23, 2018; and September 13, 2018 to September 25, 2018. (see Id. at pp. 4 – 10).

### i.  The Reasonableness of Counsel's Fees

In support of these requested fees and costs, counsel submitted an affidavit that details their years of legal experience, amounting to a combined forty-eight (48) years of practice. (Doc. 40, p. 1).  Counsels' affidavit also contends that they provided their services at a rate discounted from their customary services. (Doc. 40, p. 2). ("My standard rate is $320 per hour.  I have charged Judge Davis in this case on an hourly basis at the rate of $175 an hour for legal services

performed.  Jennifer Holifield's standard rate is $230 per hour.  She has charged Judge Davis in this case on an hourly basis at the rate of $175 an hour of legal services.").  Counsel also avers that the fees charged are "reasonable and consistent with, if not considerably less than, amounts charged by lawyers in similar matters in Mobile County, Alabama." (*Id*. at 14). These details of counsels' experience and their customary fees are among the Johnson factors which may be properly considered in determining a reasonable hourly rate.  See *Galbreath*, 2017 U.S. Dist. LEXIS 132019 at *9 ("*Johnson* factors three and nine - 'the skill requisite to perform the legal service properly' and 'the attorney's experience, reputation and ability' - may be considered in determining a reasonable hourly rate.").  Additionally, the invoices attached to counsel's filing reveal the time and labor required to for their work on the case.

Beyond the information contained in the affidavit, counsel has provided no other information upon which the undersigned could conclude that the fees and costs are reasonable. However, based on the undersigned's knowledge and experience, and having considered the difficulty of the legal questions at issue, the requisite skill to perform the legal services properly, and the undesirability of the action, the undersigned finds that the rate of $175 per hour was a reasonable hourly rate for this counsel in this district. *Norman,* 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). [8]

---

[8] The undersigned notes counsels' billing records share some overlap with respect to research and revision on some filings in this case.  However, compensation should not be denied merely because more than one attorney worked on a particular motion or conducted research related to issues involved in the motion. *See Norman*, 836 F.2d at 1301-02 ("[t]here is nothing inherently unreasonable about a client having

### ii. The Reasonableness of Counsel's Hours

As for the hours claimed, the undersigned finds all hours are properly set out and were reasonably expended in achieving the judgment rendered for Judge Davis.  The twenty-nine (29) hours spent by counsel in this case represents a reasonable quantity of time and that there are not unreasonable, excessive, or duplicative claims.

The lodestar calculation is thus 29 hours multiplied by an hourly rate of $175, producing a lodestar amount of $4,987.50.  However, the Court must now undertake an analysis of whether any adjustment is warranted under the circumstances.

### C. Adjustment

As indicated above, before awarding fees and costs under Rule 11, the Court should also consider "the conduct and resources of the party to be sanctioned . . . to determin[e] the amount of sanctions to be imposed." *Id*. A reasonable list of factors to be considered includes:

> (1) whether the improper conduct was willful, or negligent; (2) whether the conduct was part of a pattern of activity, or an isolated event; (3) whether the conduct infected the entire pleading, or only one particular count or defense; (4) whether the person being sanction engaged in similar conduct in other litigation; (5) whether the conduct was intended to injure; (6) what effect the conduct had on the litigation process in time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants.

---

multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.").

*Thomas v. Early County, Ga.*, 518 F. App'x 645, 646 (11th Cir. 2013) (unpublished) (citing Fed. R. Civ. P. 11, advisory committee notes (1993 Amendments)).  Each factor shall be addressed in turn below.

### i.   Whether the improper conduct was willful or negligent.

As indicated in the March 6th Report and Recommendation, the undersigned found – and the district judge agreed – that Plaintiff engaged in conduct unbecoming of a litigant attempting to resolve a dispute in good faith.  Instead, it appears from the facts above that Plaintiff knew or should have known that her claims were frivolous nearly from the outset, and certainly after the parties' telephone conference.  (see Docs. 32, p. 6; 45, pp. 23 – 24).[9]  This negligent, border-lining on willful conduct, weighs against Plaintiff and in favor of an award of full attorneys' fees and costs.

### ii.   Whether the improper conduct was part of a pattern of activity or an isolated event.

---

[9] ". . . a rudimentary review of cases pursued under 42 U.S.C. § 1983 would have revealed the almost unsurmountable problems to a successful outcome against a state court judge and a private attorney. The same is true for proceedings against the same defendants in a conspiracy theory.  In this case, it is clear to see that Hill never even took the time to discover the essential elements of her claims . . .

"After complaints were filed, she gained more information after being given notice of her pleading deficits by the defendants in their motion to dismiss filings.  She made no attempt to dispute the arguments presented, . . . but, instead, requested an opportunity to file an amended complaint.  Since she never complied with the Court's local rule that she must present a new and complete amended complaint for review . . . that opportunity was lost.  The record is clear that Hill, after plenty of time to do so has made no effort to provide new and more carefully drafted claims.

"A third notice of her frivolous claims came by way of the motion for Rule 11 sanctions.  She was afforded a safe harbor of twenty-one days in which to withdraw her frivolous claims or face the possibility of the imposition of sanctions.  Even with the information she had at that time, she did not move to withdraw her claims . . ."

The undersigned finds that Plaintiff's conduct throughout these proceedings constituted a sanctionable pattern. See *A.L. ex rel. P.L.B. v. Jackson County School Bd.*, WL 2155223, *9 (N.D. Fla. 2014) (acknowledging that the Eleventh Circuit has found a pattern of improper conduct can exist where a party engages in misconduct twice throughout proceedings) ("Thus, the footnote – which essentially criticizes Palmer's brief-writing skills – evidences a 'pattern' to the extent it demonstrates Palmer has previously made unsupported arguments in her filings or cited a case for a proposition it does not support . . . to the extent that the two misdeeds noted in the CP case, followed by the misconduct in the instant case, establish a 'pattern' of activity.'"). Here, Plaintiff twice filed complaints which failed to allege a cause of action (see Docs. 1 & 5), filed frivolous motions alleging fantastical misconduct on the part of Defendants and this Court, and disobeyed the undersigned's orders.  In short, Plaintiff has displayed a pattern of deliberate indifference – nearing on irreverence – for the manner in which a litigant is expected to behave in this district.  This behavior weighs against Plaintiff and in favor of a full award of attorneys' fees and costs.

### iii.   Whether the improper conduct infected the entire pleading or only one particular count or defense.

The district court dismissed Plaintiff's amended complaint in its entirety. The improper conduct infected the entire pleading.  Accordingly, this factor weighs in favor of a full award of attorneys' fees and costs.

### iv.   Whether Plaintiff has engaged in similar conduct in other litigation.

It is undisputed that Plaintiff simultaneously appealed Judge Davis' order removing her power of attorney over Theresa Singleton in the State courts while she pursued this matter.[10] Further, it bears repeating that this State court litigation concerned Judge Davis' ruling in the case that serves as the nexus of this dispute.  (see e.g., Doc. 45, pp. 27 – 29).[11]  Such evidence further indicates a pattern of irreverence for the judicial process as noted in factor two.  Accordingly, this factor weighs against Plaintiff and in favor of a full award of attorneys' fees and costs.

### v.   Whether the improper conduct was intended to injure.

No evidence on the record speaks directly as to whether this suit was filed in an attempt to injure the Defendants; however, the underlying litigation in State court – beginning in the Mobile County Probate Court – unquestionably serves as the suit's predicate.  Additionally, the record reflects that – in the face of dismissal and sanctions – Plaintiff continued pursuing this matter. No doubt, the record also shows that Plaintiff brought this action because she felt wronged by Judge Davis' decision in the Mobile County Probate Court and Mr. Zimmerman's advocacy in that matter.  However, without more, it cannot be determined that Plaintiff intended to injure the Defendants with this suit.  Therefore, this factor does not weigh against Plaintiff or in favor of a full award of attorneys' fees and costs.

### vi.   Effect the Conduct had on the litigation process in time or expense.

As previously noted, Plaintiff initiated this action on June 25, 2018.  The case was dismissed on March 28, 2019.  This Report and Recommendation now comes five (5) months

---

[10] *See* Doc. 45, pp. 27 – 29.

[11] *See also,* Doc. 45, p. 13, n. 6.

following dismissal.  While not a long case in comparison to others on this district's docket, Plaintiffs' frequent filings that failed to address points of relevant law and fact[12] that required the Court's and Defendants' attention unnecessarily added to the time and expense in this litigation. Thus, this factor weighs against Plaintiff and towards an award of full attorneys' fees and costs.

### vii.   Whether Plaintiff is trained in the law.

Plaintiff, who is a pro se litigant, is not trained in the law.  Though Plaintiff originally represented that she was employed as a nurse (see Doc. 45, pp. 17, 24, n. 9), some of her other filings before the Court suggests otherwise. (Doc. 32).  Regardless, this apparent change has not altered the conclusions the undersigned reached in March.[13]  However, because Plaintiff is not formally trained in the law, this factor weighs in her favor and does not support a finding of full attorneys' fees and costs.

### viii.   What amount, given the financial resources of the responsible person, is needed to deter her from repetition in the same case?

As to this factor, the undersigned notes that this case was dismissed in its entirety.  (Doc. 47).  The undersigned believes it highly unlikely that Plaintiff will pursue the matter further given the devolution of this matter.  Further, seeing as this litigation is over, repetition in the same case

---

[12] Doc. 30; 31; 35; 41.

[13]  "Given [Plaintiff's] . . . level of understanding she exhibited during the September hearing, it is also determined that she does not suffer from any educational or intellectual deficits that would explain the reasons she did not present a viable claim in her complaints." (Doc. 45, p. 24, n. 9).

is not a factor now.  *In re Engle Cases*, 283 F. Supp. 3d 1174, 1251 (M.D. Fla. 2017).  Accordingly, this factor weighs in Plaintiff's favor and against a full award of attorneys' fees and costs.[14]

### ix.   What amount is needed to deter others?

As noted by other courts in this Circuit, "[a]ny award should deter similar activity by other litigants, and it is difficult to ascertain the precise amount that will deter such activity," *A.L. ex rel. P.L.B.*, 2014 WL 2155223, * `` (N.D. Fla. 2014).  Moreover, "the process employed is civil in nature and accordingly, the sanction must not be punitive. *In re Engle Cases*, 283 F. Supp. 3d 1174, 1251 (M.D. Fla. 2017).  Considering the likely truth in Plaintiff's statement that there are no funds to report,[15] and the even likelier truth that Plaintiff was unaware of the frivolous nature of her claims before she received counsel's letter on July 9, 2018, the undersigned believes that some adjustment is in order.  As such, an appropriate adjustment would be that all fees and costs[16] incurred on and prior to July 9, 2018 should not be enforced, leaving Plaintiff responsible for fees and costs in the amount of $2,926.24.  In the undersigned's view, this adjustment takes into account Plaintiff's likely financial state, her persistence in this matter after being put on

---

[14] Despite the foregoing, the undersigned notes that he was originally under the impression that Plaintiff was a registered nurse, per her previous representations.  However, in light of Plaintiff's more recent filings, it appears that those representations were not correct; Plaintiff now states that she "is classified as a student" and "[t]here are no funds to report." (Doc. 46, p. 1).  Plaintiff has not indicated the nature or extent of her financial resources outside of these two sentences.  Her generalized statement would ordinarily be inadequate to determine the true extent of her financial resources.  Were repetition in this matter still a factor, the facts that, Plaintiff ". . . did not seek in forma pauperis status in this case but paid the filing fee" and "[w]hen asked if she had consulted an attorney, she advised that she had not consulted an attorney, a personal choice that she made not based on financial concerns," (Doc. 45, p. 17) would carry serious significance.

[15] The undersigned notes that among the several attempts to serve Hill, one attempt was made at her last known place of employment – a nursing home.  When asked if Hill worked at the nursing home, the process server was informed that no such person worked there. (Doc. 34, p. 4).

[16] Judge Davis seeks costs in the amount of $143.74, and such are calculated in the above figure.

notice that her claims were frivolous and that sanctions would be sought absent her voluntary withdrawal, and that four of the above factors weigh against Plaintiff in this analysis.

**III.     Conclusion.**

Accordingly, it is recommended that:

1.   Plaintiff's Motion to Reconsider (Doc. 49), interpreted as a motion pursuant to Rule 59(e), Federal Rules of Civil Procedure, be **DENIED;**

2.   Plaintiff, Donisher R. Hill, be required to pay attorney fees in the amount of $2,782.50 and costs in the amount of $143.74 to Defendant Judge Don Davis as sanctions pursuant to Rule 11, Federal Rules of Civil Procedure; and

3.   Costs of court be taxed against the Plaintiff, Donisher R. Hill.

**DONE** and **ORDERED** this the 19th day of August 2019.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**